O

FILED
CLERK, U.S. DISTRICT COURT
Sept. 30, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: JR DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 5:17-CV-01879 (VEB)

ILENE ROSALINA RAMIREZ,

    Plaintiff,

vs.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In April of 2013, Plaintiff Ilene Rosalina Ramirez applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Law Offices of Lawrence D. Rohlfing, Brain C. Shapiro, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 21, 22). On May 21, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for benefits on April 9, 2013, alleging disability beginning January 18, 2010. (T at 236).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On June 3, 2015, a hearing was held before ALJ Troy Silva. (T at 58). Plaintiff appeared with her attorney and testified. (T at 61-72). The ALJ also received testimony from Corinne Porter, a vocational expert. (T at 72-77).

On July 2, 2015, the ALJ issued a written decision denying the applications for benefits. (T at 40-57). The ALJ's decision became the Commissioner's final

---

[1] Citations to ("T") refer to the administrative record transcript at Docket No. 15.

decision on July 26, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On September 14, 2017, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on January 3, 2018. (Docket No. 14). The parties filed a Joint Stipulation on May 3, 2018. (Docket No. 19).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

## III. DISCUSSION

A. **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

DECISION AND ORDER – RAMIREZ v BERRYHILL 5:17-CV-01879-VEB

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## B. Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 18, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through September 30, 2015 (the date last insured). (T at 45). The ALJ found that Plaintiff's degenerate disc disease of the lumbar spine, status post laminectomy and discectomy was a "severe" impairment under the Act. (Tr. 45).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 46).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567 (b), as follows: she can lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 4 hours in an 8-hour workday (but only for 30 minutes at a time, at which time she needs to be able to sit for 15 minutes), sit for 6 hours in an 8-hour workday (but with the opportunity to stand for 2-3 minutes after 30 minutes); occasionally climb ramps and stairs; no climbing of ladders, ropes, or scaffolds; and occasional bending, stooping, kneeling, crouching, and crawling. (T at 46).

The ALJ concluded that Plaintiff could not perform her past relevant work as a stock clerk, photo counter clerk, warehouse worker, and forest worker. (T at 50). However, considering Plaintiff's age (25 years old on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 50-51).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between January 18, 2010 (the alleged onset

date) and July 2, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 52). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.     Disputed Issue**

As set forth in the Joint Stipulation (Docket No. 19), Plaintiff offers one (1) argument in support of her claim that the Commissioner's decision should be reversed. Plaintiff challenges the ALJ's credibility determination.

## IV. ANALYSIS

**A.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

9

DECISION AND ORDER – RAMIREZ v BERRYHILL 5:17-CV-01879-VEB

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She stopped working in 2010 due to a work-related injury she sustained in 2007. (T at 62). Although she has already undergone a laminectomy and discectomy, additional surgery has been recommended. (T at 64). She uses a cane, which has been prescribed. (T at 66). She attempted to return to modified work after her injury, but was unable to perform her duties due to back pain. (T at 67). Prolonged sitting and standing is difficult due to pain. (T at 68). Laying down provides relief. (T at 70). Her condition has gotten worse over the past 5 years. (T at 70). Medication side effects include nausea and sleepiness. (T at 70). She naps throughout the day. (T at 71).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements

regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 47).

For the reasons that follow, this Court finds the ALJ's decision cannot be sustained. The ALJ found Plaintiff's subjective complaints "partially corroborated" by the medical records, but concluded that the records were not consistent with a finding of disabling limitations. (T at 47).

However, the record contains several assessments by Dr. Scott Goldman, a board certified orthopedic surgeon and qualified medical examiner for Plaintiff's workers' compensation case. In July of 2009, Dr. Goldman opined that Plaintiff could not perform any pushing, pulling, or lifting greater than 5 pounds and could not do any repetitive bending. (T at 305). In August of 2009, Dr. Goldman reported that Plaintiff could not perform repetitive bending or stooping or lifting greater than 10 pounds. (T at 301). During the period between January of 2012 and December of 2013, Dr. Goldman consistently assessed that Plaintiff could not perform repetitive bending, squatting or twisting; no lifting or pulling greater than 5 pounds; and no overhead work. (T at 738-839).

In March of 2013, Dr. Goldman opined that Plaintiff could stand/walk for less than 2 hours in an 8-hour workday and sit for about 2 hours. (T at 851). He reported that Plaintiff would need to take frequent unscheduled breaks and her pain would

11

DECISION AND ORDER – RAMIREZ v BERRYHILL 5:17-CV-01879-VEB

constantly interfere with her ability to maintain attention and concentration. (T at 850-51). Dr. Goldman reported that Plaintiff would be absent from work more than 4 times per month due to her symptoms or treatment. (T at 852).

In June of 2014, Dr. Goldman described Plaintiff as suffering from severe low back pain, tenderness, and muscle spasms. (T at 844). He characterized her prognosis as "poor." (T at 844). Dr. Goldman reported that Plaintiff could sit, stand, or walk less than 2 hours in an 8-hour workday. (T at 845). He again opined that Plaintiff could not maintain concentration due to her severe pain and would be frequently absent from work. (T at 847).

The ALJ found "many inconsistencies" in Dr. Goldman's assessments and gave them "little weight." (T at 49). This caused the ALJ to believe that Dr. Goldman "geared" his findings based on whether the report was intended for workers' compensation or social security disability benefits. (T at 49). The ALJ's conclusion is problematic in two respects. First, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," unless there is additional evidence demonstrating impropriety. The ALJ identified no such evidence here. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Ratto v. Secretary*, 839 F. Supp. 1415,

1426 (D. Or. 1993) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

Second, the ALJ did not explain which of Dr. Goldman's assessments were "inconsistent." He simply dismissed the physician's findings as "inconsistent," with no further explanation. (T at 49). However, the reports described consistent limitations more significant than the RFC determination, with aggravation of symptoms over time. This is consistent with Plaintiff's subjective testimony of severe pain and limitation, getting worse over time. The lack of a detailed explanation by the ALJ was a significant omission. This was error. These reports from an examining physician over an extended period of time in his field of expertise appear to provide significant support for Plaintiff's claims of disabling pain and limitation. Careful consideration by the ALJ was called for, but not provided.

**B.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. There is some evidence to support the ALJ's conclusion. Plaintiff sustained a work-related injury in 2007, but continued working thereafter and received conservative care until January 2010, when she stopped working due to increased back pain. (T at 47, 298, 307-78). Disc herniation surgery in 2012 was characterized by Plaintiff's physician as successful, with Plaintiff showing normal gait and limited work restrictions (*e.g.* no heavy lifting). (T at 47-48, 661-67, 707). Plaintiff reported additional pain in 2013 and was treated with narcotic pain medications and epidural steroid injections. (T at 48). Dr. Timothy Gray, a treating surgeon, described fusion surgery as "optimal treatment," but Plaintiff refused to consider it. (T at 704, 867, 879, 892, 898, 905). Dr. Ronald Portnoff, an examining physician, and Dr. Stephen Burge, a non-examining State Agency review physician, rendered assessments consistent with the RFC determination. (T at 49).

As discussed above, the ALJ gave inadequate consideration to the opinions of Dr. Goldman, whose assessments were too important to causally dismiss. As such, a remand is necessary for proper consideration of that evidence, followed by reconsideration of Plaintiff's credibility in that light. However, this Court cannot

determine the nature and extent of Plaintiff's limitations from the present record. Accordingly, a remand for further proceedings is the right result.

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees.

DATED this 30th day of September 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE